09-3894-cr
*USA v. Almonte*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

R<small>ULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT</small>. C<small>ITATION TO A SUMMARY ORDER FILED ON OR AFTER</small> J<small>ANUARY</small> 1, 2007, <small>IS PERMITTED AND IS GOVERNED BY</small> F<small>EDERAL</small> R<small>ULE OF</small> A<small>PPELLATE</small> P<small>ROCEDURE</small> 32.1 <small>AND THIS COURT'S</small> L<small>OCAL</small> R<small>ULE</small> 32.1.1. W<small>HEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE</small> F<small>EDERAL</small> A<small>PPENDIX OR AN</small> <small>ELECTRONIC DATABASE (WITH THE NOTATION</small> "<small>SUMMARY ORDER</small>"). A <small>PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON</small> <small>ANY PARTY NOT REPRESENTED BY COUNSEL.</small>

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of May, two thousand eleven.

PRESENT: WILFRED FEINBERG,
ROGER J. MINER,
RICHARD C. WESLEY,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

-v.- 09-3894-cr

JOSE FERREIRA ALMONTE, also known as Jose Almonte, also known as Jose Virgilio,

*Defendant-Appellant.*

---

FOR APPELLANT: DARRELL B. FIELDS, Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE: BURTON T. RYAN, JR., Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the*

*brief*) *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-Appellant Jose Ferreira Almonte appeals from a September 18, 2009 judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*) sentencing him to ninety-six months' imprisonment and three years' conditional supervised release for illegally reentering the United States in violation of 8 U.S.C. § 1326(a), (b). Almonte, through a *pro se* supplemental letter brief, contends for the first time on appeal that his sentence is substantively unreasonable in light of 18 U.S.C. § 3553(a)'s parsimony clause.[1] We assume the parties' familiarity with the underlying facts, the procedural

---

[1] We construe Almonte's letter challenging the sentence's "fairness" as a substantive reasonableness challenge. "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).

In addition to Almonte's letter, we have also considered a supplemental letter filed at the Court's request by Almonte's counsel on April 26, 2011.

history, and the issues presented for review.

We review the substantive reasonableness of a sentence under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In applying that standard, we must "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). We will not "substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case," and will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

Here, the district court noted that Almonte is a violent offender who has been convicted of six crimes since 2002; weighed the relevant mitigating factors, particularly the sentence's effect on Almonte's children; and imposed a within-Guidelines sentence designed to achieve deterrence in

light of Almonte's present conviction for illegally reentering the United States.  This does not present one of the "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions."  *Cavera*, 550 F.3d at 189 (internal quotation marks and citation omitted).  Accordingly, we find no error in the district court's decision, let alone plain error.

We have reviewed Almonte's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk